B. Alexander Moghaddam (SBN 141199)
Moghaddam & Jorgensen, LLP
10100 Santa Monica Blvd, Suite 300
Los Angeles, California 90067
Tel.:  (310) 315-3442
Fax:  (310) 315-4144
alex@moghaddam-jorgensen.com

Attorneys for Defendant Maersk A/S

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NO. MC-1457,<br><br>Plaintiff,<br><br>vs.<br><br>MAERSK A/S, a foreign corporation; APEX MARITIME CO., INC., a California corporation; and APEX SHIPPING CO., INC., an entity of unknown corporate form,<br><br>Defendants. | Case No. 4:20-cv-08958-KAW<br><br>**ANSWER OF DEFENDANT MAERSK A/S TO COMPLAINT** |

COMES NOW Defendant Maersk A/S (hereinafter "Defendant" or "Maersk") and responds to the Complaint of Plaintiff Underwriters At Lloyd's Subscribing To Policy No. MC-1457 (hereinafter "Plaintiff") by admitting, denying and alleging as follows:

1. Answering Paragraph 1 of the Complaint, Maersk has neither information nor belief on the subject sufficient to enable it to answer the allegations contained therein.

2. Answering Paragraph 2 of the Complaint, Maersk admits it is foreign corporation formed under the laws of Denmark, and that Denmark is its principal place of business. Maersk further admits that it is a common carrier by water of

goods between, among other places, Yantian, China, and Los Angeles, California, and that it is engaged in business within this judicial district as a common carrier.

3. Paragraph 3 sets forth Plaintiff's jurisdictional allegations, which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Maersk does not contest Plaintiff's basis for asserting that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1333 over the claim alleged in the Complaint.

4. Paragraph 4 sets forth additional jurisdictional allegations, which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant does not contest Plaintiff's contention that its claim is a maritime claim.

5. Answering Paragraph 5 of the Complaint, Maersk admits that on or about December 23, 2019, it received an ocean container said to contain computer accessories at Yantian, China, for shipment to Los Angeles, California, under Maersk Bill of Lading No. MAEU 589116798 and the terms and conditions thereof. Maersk has neither information nor belief on the allegations concerning Defendants Apex Maritime Co., Inc. and Apex Shipping Co., Inc. sufficient to enable it to answer those allegations. Maersk denies each and every other allegation in Paragraph 5 as applied to it.

6. Answering Paragraph 6 of the Complaint, Maersk denies each and every allegation therein as applied to it.

7. Answering Paragraph 7 of the Complaint, Maersk has neither information nor belief on the subject sufficient to enable it to answer the allegations contained therein and, on based thereon, denies each and every allegation therein.

8. Answering Paragraph 8 of the Complaint, Maersk denies each and every allegation therein.

**FIRST AFFIRMATIVE DEFENSE**

9. The Complaint fails to state a cause of action against Maersk upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

10. If Plaintiff or its insured sustained damages as alleged, which is denied, such damages were proximately caused by the negligence and fault of the Plaintiff and/or its insured.

**THIRD AFFIRMATIVE DEFENSE**

11. If Plaintiff or its insured sustained damages as alleged, which is denied, such damages were proximately caused by third parties for whom Defendant is not responsible, and any damages otherwise awarded against Defendant should be reduced in proportion thereto, if not apportioned completely to said third parties.

**FOURTH AFFIRMATIVE DEFENSE**

12. If Plaintiff or its insured sustained damages as alleged, which is denied, such damages were proximately caused by Plaintiff's and its insured's own failure(s) to make reasonable efforts to mitigate said damages.

**FIFTH AFFIRMATIVE DEFENSE**

13. Defendant used all due care and diligence for the care and preservation of the shipment at issue, and Plaintiff's insured's alleged damages were caused without any fault or breach on the part of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

14. Defendant's liability, if any, is limited to its equitable share of the total culpable conduct of all persons contributing to the alleged harm, both parties and non-parties.

**SEVENTH AFFIRMATIVE DEFENSE**

15. If Plaintiff or its insured sustained damages as alleged, which is denied, such damages were the proximate result of risks, hazards and dangers well-

known to Plaintiff's insured, and Plaintiff's insured with full knowledge thereof knowingly and voluntarily assumed such risks, hazards and dangers.

### EIGHTH AFFIRMATIVE DEFENSE

16. If Plaintiff's insured did sustain any loss or damages, none of said damages was caused or contributed to by any fault or neglect on the part of Defendant but from a cause or causes from which it is expressly exempted from responsibility by the terms and conditions of applicable bill(s) of lading, waybills, tariffs, and service contracts covering the carriage, including, but not limited to, Maersk bill of lading/waybill No. MAEU 589116798 and any bills of lading or sea waybills issued by Defendants Apex Maritime Co., Inc., Apex Shipping Co., or Starlink Freight System. Defendant claims the benefit of each and every provision contained in said bill(s) of lading, waybills, tariffs, and service contracts, including, but not limited to, the limitation of liability, exoneration, time-bar, choice of law, jurisdiction, and arbitration provisions therein, and begs leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damages.

### NINTH AFFIRMATIVE DEFENSE

17. Plaintiff's Complaint, and each cause of action therein, is barred by the unclean hands of Plaintiff and its insured.

### TENTH AFFIRMATIVE DEFENSE

18. The Complaint, and each cause of action therein, is barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

19. The Complaint, and each cause of action therein, is barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

20. Defendant alleges that any recovery is barred herein because Plaintiff and its insured lack standing to assert the cause of action in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. The alleged damage may have been a pre-shipment condition for which Defendants are not liable.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. An Act of Congress entitled "The Carriage of Goods by Sea Act," ("COGSA") 46 U.S.C. § 30701, note, is, by its terms and by the terms of the applicable bill(s) of lading or waybills, applicable to the Complaint and each cause of action therein. Defendant claims the benefit of each and every provision of COGSA. Defendant is not presently advised fully of the nature and cause of the alleged loss or damage to the goods at issue, if any, but begs leave to amend this answer when more fully advised, and to offer proof accordingly.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. Said Carriage of Goods by Sea Act provides in part as follows:

    (2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from--

        (i) Act or omission of the shipper or owner of the goods, his agent or representative.

42 U.S.C. § 30701, note, Sec. 4(2)(i). Defendant is informed and believes, and on such information and belief alleges, that Plaintiff's insured's damages, if any, arose or resulted from an act or omission of the shipper or owner of the goods, its agent, or representative.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. Said Carriage of Goods by Sea Act provides in part as follows:

    (2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from --

        (n) Insufficiency of packing.

46 U.S.C. § 30701, note, Sec. 4(2)(n).  Defendant is informed and believes, and on such information and belief alleges, that Plaintiff's insured's damages, if any, arose or resulted from insufficiency of packing.

### SEVENTEENTH AFFIRMATIVE DEFENSE

25. Said Carriage of Goods by Sea Act provides in part as follows:

(2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from --

   (q)   Any other cause arising without the actual privity of the carrier and without the fault or negligence of the agents or servants of the carrier.

42 U.S.C. § 30701, note, Sec. 4(2)(q).  Defendant is informed and believes, and on such information and belief alleges, that Plaintiff's insured's damages, if any, arose or resulted from a cause or causes arising without the actual fault and privity of the carrier and without fault or neglect of agents or servants of said carrier.

### EIGHTEENTH AFFIRMATIVE DEFENSE

26. Pursuant to COGSA, 46 U.S.C. § 30701, note, Sec. 4 (a), a carrier is not liable for losses arising from an act, neglect, or default of the master, mariner, pilot or the servants of the carrier in the navigation or in the management of the ship.  Defendant is informed and believes that Plaintiff's insured's alleged damages resulted from such cause.

### NINETEENTH AFFIRMATIVE DEFENSE

27. Said Carriage of Goods by Sea Act provides in part as follows:

Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States or in the case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before the shipment and inserted in the bill of lading.  This

> declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

46 U.S.C. § 30701, note, Sec. 4(5). The applicable bill(s) of lading, waybills, and/or applicable contract(s) of carriage similarly limit the carrier's potential liability to $500 per package or customary freight unit.

### TWENTIETH AFFIRMATIVE DEFENSE

28. Said Carriage of Goods by Sea Act provides in part:

> Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the carrier or his agent at the post of discharge or at the time of the removal of goods into the custody of the person entitled to delivery thereof under the contract of carriage, such removal shall be prima facie evidence of the delivery by the carrier of the goods as described in the bill of lading. If the loss or damage is not apparent, the notice must be given within three days of the delivery.

46 U.S.C §30701, note, Sec. 3(6). Defendant is informed and believes, and on such information and belief alleges, that notice of the loss or damage alleged in the Complaint was not given in accordance with the aforesaid section.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

29. All causes of action alleged by Plaintiff are barred because of Plaintiff's insured's breaches of the contracts of carriage and other agreements covering carriage.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

30. The Complaint is barred by the applicable statute of limitations, including but not limited to 46 U.S.C. § 30701, note, Sec. 3(6) of COGSA.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

31. Defendant claims the benefits of any forum selection, foreign law, and arbitration clauses in the applicable bill(s) of lading, waybills, or contract(s) of

carriage, including, but not limited to, the New York jurisdiction and U.S. law provisions in Clause 26 of the terms and conditions of the applicable Maersk bill of lading/waybill.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

32. The claims in the Complaint are barred by Clause 9 of the applicable Maersk bill of lading/waybill, which reads in relevant part:

> Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the Carrier or his agents at the Place of Delivery (or Port of Discharge if no Place of Delivery is named on the reverse hereof) before or at the time of removal of the Goods or if the loss or damage is not apparent within three days thereafter, such removal shall be prima facie evidence of the delivery by the Carrier of the Goods as described in this bill of lading. In any event, the Carrier shall be discharged from all liability whatsoever in respect of the Goods unless suit is brought within one year after their delivery or the date when they should have been delivered.

Defendant is informed and believes, and on such information and belief alleges, that it received no notice of any damage to Plaintiff's insured's goods within three days of the delivery of goods and that suit was not brought within the required one-year period.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

33. The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

34. Defendant at all relevant times exercised due diligence to make the vessel in all respects seaworthy and is therefore not liable, under 46 U.S.C. § 30701, note, Sec. 4(1), for the alleged damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's Complaint and each cause of action therein, is subject to the limitation in Clause 8 of bills of lading and waybills which provided in relevant part:

> The Carrier does not undertake that the Goods or any documents relating thereto shall arrive or be available at any point or place at any stage during the Carriage or at the Port of Discharge or the Place of Delivery at any particular time or to meet any particular requirement of any license, permission, sale contract, or credit of the Merchant or any market or use of the Goods and the Carrier shall under no circumstances whatsoever and howsoever arising be liable for any direct, indirect or consequential loss or damage caused by delay. If the Carrier should nevertheless be held legally liable for any such direct or indirect or consequential loss or damage by caused by delay, such liability shall in no event exceed the Freight paid.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

36. The Complaint is barred by the doctrine of laches.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

37. To the extent applicable, Defendant claims the benefit of each and every provision of the The Harter Act, 46 U.S.C. § 30701 et seq. and, in particular, the defenses set forth in § 30706 of said Act. Defendant is not presently advised fully of the nature and cause of the alleged loss or damage to the goods at issue, if any, but begs leave to amend this answer when more fully advised, and to offer proof accordingly.

# PRAYER

WHEREFORE, Defendant prays that Plaintiff take nothing by said Complaint and that said Complaint be dismissed and that Defendant have and recover its costs of suits herein, and for such other and further relief as may be just.

Dated: February 15, 2021

MOGHADDAM & JORGENSEN, LLP

By: /s/ B. Alexander Moghaddam
B. ALEXANDER MOGHADDAM
Attorneys for Defendant
MAERSK A/S

- 10 -
ANSWER OF DEFENDANT MAERSK A/S TO COMPLAINT