JOSHUA E. KIRSCH (179110)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone:   (415) 348-6000
Facsimile:   (415) 348-6001
Email:        jkirsch@gibsonrobb.com

Attorneys for Plaintiff
UNDERWRITERS AT LLOYD'S
SUBSCRIBING TO POLICY NO. MC-1457

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NO. MC-1457; <br><br> Plaintiff, <br><br> v. <br><br> MAERSK A/S, a foreign corporation; APEX MARITIME CO., INC., a California corporation; and APEX SHIPPING CO., INC., an entity of unknown corporate form; <br><br> Defendants. | Case No. 4:20-cv-08958-KAW <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> **CMC Date:** April 13, 2021 <br> **CMC Time:** 1:30 p.m. <br> **Judge:** Kandis A. Westmore <br><br> Complaint filed: December 15, 2020 |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16-9, Plaintiff UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NO. MC-1457 ("Lloyd's"), Defendant MAERSK A/S ("Maersk") and Defendant STARKLINK FREIGHT SYSTEM (SFO) INC. (erroneously sued as APEX SHPPING CO., INC. and APEX MARITIME CO. INC.) submit the Report of the Conference of the Parties and Proposed Discovery Plan.

/ / /

/ / /

/ / /

**I.   JURISDICTION & SERVICE**

This matter arises under the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 USC sec. 30701 note, and falls under the Court's maritime and admiralty jurisdiction.  There is no dispute as to jurisdiction.  All parties have been served and have appeared.  However, STARLINK FREIGHT SYSTEMS (SFO) INC., ("StarLink") has filed an answer in lieu of APEX SHPPING CO., INC. and APEX MARITIME CO. INC. (collectively "Apex") based on the contention that Apex Maritime Co. Inc. and Apex Shipping Co Inc. were inadvertently erroneously named as defendants, instead of StarLink, a related company.

**II.   FACTS**

This is a subrogation action arising out of alleged water damage to a shipment of computer parts transported by sea from China to California.  Defendants MAERSK A/S ("Maersk") and StarLink both issued bills of lading operating as contracts of carriage for the cargo described therein.  StarLink contends that StarLink erroneously issued the bill of lading on an Apex form rather than a StarLink form.  Plaintiff alleges that, when the cargo arrived at destination in California, it was discovered to be in a severely wetted condition.  Plaintiff UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NO. MC-1457 ("Lloyd's"), as insurer of the cargo, contends it paid the cargo owners $357,839.22 due to the damage to the goods and now brings this matter seeking that amount as subrogee of the cargo owners.

**III.   LEGAL ISSUES**

The parties presently anticipate the following issues to be litigated: the extent and cause of the alleged cargo damage, whether defendants' liability is limited pursuant to COGSA or the terms and conditions of the applicable bills of lading, and whether any defenses under COGSA or the terms and conditions of the applicable bills of lading apply to preclude liability.

**IV.   MOTIONS**

There are no pending motions.  The parties may bring motions in an effort to dispose of the limitation of liability issue.

/ / /

/ / /

## V.   AMENDMENT OF PLEADINGS

Starlink has filed a related action against Maersk in the Southern District of New York seeking indemnity in the event Lloyd's obtains a judgment against Starlink in the instant action. Starlink may in due course elect to dismiss the New York action and file a cross-claim in this proceeding. The parties, therefore, request that they have until August 30, 2021, to amend the pleadings or add parties – until after their private mediation with an experienced maritime mediator as has been agreed. The complaint in the action pending in the Southern District of New York has not been served and Starlink will be asking the court to stay that action with the hope the matter can be resolved by private mediation as agreed.

## VI.   EVIDENCE PRESERVATION

The parties do not anticipate any unusual issues with regard to evidence preservation, and do not expect any physical evidence, other than documents, to be at issue in this case. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII.   DISCLOSURES

By agreement, the parties have informally exchanged information, but have not yet completed formal initial disclosures. The parties propose April 20, 2021, as the deadline for doing so.

## VIII.   DISCOVERY

The parties have not yet commenced formal discovery, but have exchanged various information and documents informally. The parties will commence formal discovery after exchanging initial disclosures, including written discovery, production of documents, and depositions, as necessary. The parties do not believe that any specific limitations or modifications of discovery rules is called for. The parties have considered entering into a stipulated e-discovery order but do not believe that such an order is required at this time. The parties propose to conduct discovery per the default rules and deadlines of the FRCP. The parties do not currently anticipate

1 any discovery disputes.

**IX.  CLASS ACTIONS**

This is not a class action.

**X.  RELATED CASES**

There is a related case pending in the Southern District of New York, in which StarLink has sued Maersk, captioned: Starlink Freight System (SFO) Inc. and Apex Maritime Co., Inc. v. Maersk A/S, Case No. 1:21-cv-00199 for indemnity.

**XI.  RELIEF**

Plaintiff seeks monetary damages as set forth above, plus costs and prejudgment interest.

**XII.  SETTLEMENT AND ADR**

Counsel for the parties have worked together on other similar matters in the past, and believe that the prospects for settlement are good.  The parties agree to conduct private mediation, to be completed within 120 days of the Case Management Conference.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to the jurisdiction of the magistrate judge for all purposes.

**XIV.  OTHER REFERENCES**

Not applicable.

**XV.  NARROWING OF ISSUES**

The limitation of liability defenses may lend themselves to resolution by motion.

**XVI.  EXPEDITED TRIAL PROCEDURE**

The parties do not wish to subject this case to expedited trial procedures.

**XVII.  SCHEDULING**

The parties propose:

| | |
|---|---|
| Last day to amend pleadings/add parties: | August 30, 2021 |
| Completion of initial ADR session: | August 16, 2021 |
| Discovery cutoff: | October 29, 2021 |
| Designation of experts: | November 30, 2021 |
| Hearing of dispositive motions: | December 16, 2021 |

| | |
|---|---|
| Pretrial conference: | April 13, 2022 |
| Trial: | May 11, 2022 |

## XVIII. TRIAL

As a maritime case, this will be a bench trial, with an anticipated length of four days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have made these disclosures. Plaintiff disclosed Falvey Cargo Underwriting, Ltd. (managing general agent for Lloyd's) and its insured, Corsair Memory, Inc. Defendant Maersk disclosed that it is not aware of any interested entities or persons other than the named parties. Defendant StarLink will be making its interested parties disclosure within the next two weeks.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California. As is common with admiralty practitioners, counsel exhibit the utmost courtesy to each other and the court.

## XXI. OTHER

Nothing else at this time.

Pursuant to Local Rule 5-1(i)(3), Joshua E. Kirsch, counsel for Plaintiff, hereby attests that concurrence in the filing of the document has been obtained by each Signatory below.

                                                           Respectfully submitted,

Dated: April 6, 2021                  GIBSON ROBB & LINDH LLP

                                           /s/ JOSHUA E. KIRSCH
                                           Joshua E. Kirsch
                                           jkirsch@gibsonrobb.com
                                           Attorneys for Plaintiff
                                           UNDERWRITERS AT LLOYD'S
                                           SUBSCRIBING TO POLICY NO. MC- 1457

/ / /

/ / /

Dated: April 6, 2021                MOGHADDAM & JORGENSEN, LLP


/s/ B. ALEXANDER MOGHADDAM
B. Alexander Moghaddam
alex@moghaddam-jorgensen.com
Attorneys for Defendant
MAERSK A/S


Dated: April 6, 2021                BULLIVANT HOUSER BAILEY


/s/ MARILYN RAIA
Marilyn Raia
Marilyn.Raia@bullivant.com
Attorneys for Defendant
STARKLINK FREIGHT SYSTEM (SFO) INC.
(erroneously sued as APEX SHPPING CO., INC.
and APEX MARITIME CO. INC.)

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____, 2021            _____
                                                                    Honorable Kandis A. Westmore
                                                                    UNITED STATES MAGISTRATE JUDGE