Marilyn Raia, SBN 072320
E-mail: marilyn.raia@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile:  415.352.2701

Attorneys for Defendants and Cross-Complainants Starlink Freight System (SFO) Inc. and Apex Maritime Co., Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NO. MC-1457,<br><br>Plaintiff,<br><br>vs.<br><br>MAERSK A/S, a foreign corporation; APEX MARITIME CO., INC., a California corporation; and APEX SHIPPING CO., INC., an entity of unknown corporate form,<br><br>Defendants. | Case No.: 4:20-cv-08958-KAW<br><br>**CROSS- COMPLAINT OF STARLINK FREIGHT SYSTEM (SFO) INC. AND APEX MARITIME CO., INC.** |
| STARLINK FREIGHT SYSTEM (SFO) INC. and APEX MARITIME CO., INC., a California corporation,<br><br>Cross-Complainants,<br><br>vs.<br><br>MAERSK A/S, a foreign corporation,<br><br>Cross-Defendant. | |

///

///

Cross-complainants, STARLINK FREIGHT SYSTEM (SFO) INC. ("STARLINK") and APEX MARITIME CO., INC. ("APEX") complain of the cross-defendant, MAERSK A/S ("MAERSK") upon information and belief as follows.

**JURISDICTION**

1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2. This cross-complaint asserts a cause of action arising out of alleged damage to ocean cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act ("COGSA"), Note following 46 U.S.C. § 30701, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein.  Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

**PARTIES**

3. At and during all times hereinafter mentioned, STARLINK was and is a corporation duly organized and existing by virtue of the laws of the State of California with a principal place of business at 577 Airport Boulevard, Suite 800, Burlingame, California, and engaged in business as a non-vessel owning common carrier of goods by sea (NVOCC) licensed by the United States Federal Maritime Commission.

4. At and during all times hereinafter mentioned, APEX was and is a corporation duly organized and existing by virtue of the laws of the State of California with a principal place of business at 577 Airport Boulevard, Suite 800, Burlingame, California, and engaged in the business of an NVOCC licensed by the United States Federal Maritime Commission.

5. At and during all times hereinafter mentioned, APEX maintained a registration with the Office of the San Mateo County Clerk to conduct business under the fictitious name "Apex Shipping Company."

6. At and during all times hereinafter mentioned, Maersk A/S was and is a corporation duly organized and existing by virtue of the laws of the Kingdom of Denmark, with a principal place of business at 50 Esplanaden, 1263 Copenhagen K, Denmark, and engaged in

the business of a vessel-owning common carrier of goods by sea.

7. At and during all the times hereinafter mentioned, MV MSC KALINA was and now is a general ship employed in the common carriage of merchandise by water for hire, and was owned and/or operated and/or controlled and/or chartered by MAERSK.

**THE CLAIM**

8. On or about December 19, 2019, and at the port of Yantian, People's Republic of China, there was shipped by Corsair (Hong Kong) Limited and delivered to STARLINK, as an NVOCC, a cargo consisting of one forty-foot container said to contain 1,398 cartons of accessories for desktop computer devices (the "Cargo"). STARLINK then and there acknowledged that the Cargo so shipped was in apparent external good order and condition. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, STARLINK agreed in its role as an NVOCC to arrange for the transportation of the Cargo to Ontario, California, and there deliver the same in like order and condition as when shipped, to Corsair Memory Inc. This contract of carriage is evidenced by Starlink's bill of lading no. A1912280763 (the "Starlink Bill").

9. The face of the Starlink Bill erroneously contains references to "Apex Shipping Co., Inc." and "Apex Shipping Co."

10. On or about December 19, 2019, and at the port of Yantian, PRC, the Cargo was shipped by K-Apex Logistics (Shenzhen) Co. Ltd. on behalf of STARLINK, and delivered to MAERSK, as vessel owning common carrier, for the performance of the actual ocean transportation of the Cargo between Yantian, PRC and Los Angeles, California. The Cargo was then in apparent external good order and condition, and MAERSK then and there accepted the Cargo so shipped and delivered. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, MAERSK agreed to transport and carry the Cargo to Los Angeles, and there deliver the same in like order and condition as when shipped, delivered to and received by it, to STARLINK. This contract of carriage is evidenced by MAERSK's bill of lading no. 589116798 (the "Maersk Bill").

///

11. On or about December 24, 2019, MAERSK caused the Cargo to be loaded aboard MV MSC KALINA for transportation.

12. On or about January 11, 2020, MV MSC KALINA arrived at the port of Los Angeles, whereupon STARLINK arranged delivery of the Cargo to the consignee named in the Starlink Bill, Corsair Memory Inc., or its agents, on or about January 15, 2020.

13. The allegedly subrogated insurers of the Cargo commenced this action against Maersk A/S, Apex Maritime Co., Inc., and Apex Shipping Co., Inc. asserting that when delivered to Corsair Memory Inc., the Cargo was not in the same condition as when received by MAERSK, but rather, was water damaged, all in violation of MAERSK's obligations and duties as a common carrier of merchandise by water for hire.  These insurers seek $357,839.22 in damages.

14. If the Cargo was damaged as alleged, such damage was due to the fault and neglect of MAERSK or others for whose conduct it is responsible, or the unseaworthiness of the MV MSC KALINA, all without any fault or neglect on the part of STARLINK or APEX contributing thereto.

15. APEX, named as a defendant while related to STARLINK through a common corporate parent, maintains a distinct corporate existence and was a stranger to the contract of carriage of the Cargo that is the subject of this Action and undertook no duty concerning the transportation of the Cargo.

16. Apex Shipping Co., Inc., named as a defendant is a fictional entity whose name appears on the face of the Starlink Bill issued to Corsair (Hong Kong) Limited as evidence of STARLINK's contract of carriage of the Cargo.  Apex Shipping Co., Inc. is essentially a misnomer of STARLINK.

17. Alternatively, Apex Shipping Co., Inc., named as a defendant  and whose name appears on the face of the Starlink Bill issued to Corsair (Hong Kong) Limited as evidence of STARLINK's contract of carriage of the Cargo, is a variation of APEX's registered fictitious name "Apex Shipping Company"; APEX was a stranger to the contract of carriage of the Cargo that is the subject of this action and undertook no duty concerning the transportation of the

Cargo.

18. The Starlink Bill provides, in part, a selection of a forum for the resolution of disputes as follows:

> To the extent permitted by law, Merchant agrees that in the event of any dispute concerning the rights and/or responsibilities of the parties with respect to this bill of lading, suit shall be brought in the United States District Court for the Northern District of California or in the Superior Court of the State of California for the City and County of San Francisco, or in a court in the state in which the destination agent listed on this bill of lading is located, and in no other jurisdiction.

19. The MAERSK Bill provides, in part, a selection of a forum for the resolution of disputes as follows:

> For shipments to or from the U.S. any dispute relating to this bill of lading shall be governed by U.S. law and the United States Federal Court of the Southern District of New York is to have exclusive jurisdiction to hear all disputes in respect thereof.

20. STARLINK is the consignee of the Cargo under the terms of the Maersk Bill and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and STARLINK is entitled to maintain this action.

21. Plaintiffs in this action allege APEX is liable to them under the terms of the Starlink Bill.

22. By reason of the premises, if STARLINK and/or APEX is adjudged liable to the plaintiffs for any loss or damage to or in connection with the Cargo, STARLINK and/or APEX will be entitled to full indemnity from MAERSK, including counsel fees, for all such sums.

WHEREFORE, STARLINK and APEX pray:

1. That process in due form of law issue against cross- defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment be entered in favor of STARLINK and/or APEX against MAERSK for all such sums as may be adjudged against STARLINK and/or APEX for any loss or damage to or in connection with the Cargo, together with interest and costs and the

disbursements of this action; and

      3.    That this Court grant to STARLINK and APEX such other and further relief as may be just and proper.

DATED:  September 24, 2021

                                      BULLIVANT HOUSER BAILEY PC

                                      By    */s/ Marilyn Raia*
                                              Marilyn Raia

                                      Attorneys for Defendants and Cross-Complainants Starlink Freight System (SFO) Inc. and Apex Maritime Co., Inc.

                                      *****